# EXHIBIT A

**ANTHONY L. VELASQUEZ, ESQ. (021651997)**
575 Rt. 70, 2nd Flr.; P.O. Box 1030
Brick, New Jersey 08723
(t)732-903-1966; (f)732-416-7861
avelasquez@tryko.com
Attorney for Plaintiff

| | |
|---|---|
| WILLOW SPRINGS OPERATOR, LLC,<br>Plaintiff,<br><br>v. | : SUPERIOR COURT OF NEW JERSEY<br>: OCEAN COUNTY<br>: LAW DIVISION<br>: |
| USI INSURANCE SERVICES, LLC;<br>SEAN HOOD; LISA OLSON; HEALTH<br>CAP RRG; CHELSEA-RHONE, LLC;<br>and HEALTH CARE INDUSTRY<br>LIABILITY RECIPROCAL<br>INSURANCE COMPANY, A RISK<br>RETENTION GROUP,<br>Defendant(s). | : Docket No.: OCL-L-2849-18<br>:<br>:<br>:<br>:<br>: **SUMMONS**<br>:<br>: |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

                                                      Michelle M. Smith, Esq.
                                                      Clerk of the NJ Superior Court   11/27/2018

Name/ Address of Defendant to Be Served: Sean Hood, 3 Executive Park Drive, Suite 300, Bedford, NH, 03110

# Civil Case Information Statement

### Case Details: OCEAN | Civil Part Docket# L-002849-18

**Case Caption:** WILLOW SPRINGS OPERA TOR, LLC VS
USI INSURANCE S
**Case Initiation Date:** 11/27/2018
**Attorney Name:** ANTHONY LOUIS VELASQUEZ
**Firm Name:** FIRST PROPERTY
**Address:** 575 RT 70 2ND FL PO BOX 1030
BRICK NJ 08723
**Phone:**
**Name of Party:** PLAINTIFF : Willow Springs Operator, LLC
**Name of Defendant's Primary Insurance Company**
**(if known):** None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** YES
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? YES

If yes, is that relationship: Business

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/27/2018                                      /s/ ANTHONY LOUIS VELASQUEZ
Dated                                                                  Signed

ANTHONY L. VELASQUEZ, ESQ. (021651997)
575 Rt. 70, 2nd Flr.; P.O. Box 1030
Brick, New Jersey 08723
(t)732-903-1966; (f)732-416-7861
avelasquez@tryko.com
Attorney for Plaintiff

| | |
|---|---|
| WILLOW SPRINGS OPERATOR, LLC, | : SUPERIOR COURT OF NEW JERSEY |
| | : OCEAN COUNTY |
| Plaintiff | : LAW DIVISION |
| | : |
| v. | : Docket No.: $OCN-L-2849-18$ |
| | : |
| USI INSURANCE SERVICES, LLC; | : CIVIL ACTION |
| SEAN HOOD; LISA OLSON; HEALTH | : |
| CAP RRG; CHELSEA-RHONE, LLC; | : |
| and HEALTH CARE INDUSTRY | : |
| LIABILITY RECIPROCAL | : |
| INSURANCE COMPANY, A RISK | : COMPLAINT |
| RETENTION GROUP, | : |
| | : |
| | : |
| Defendant(s). | : |

Plaintiff, WILLOW SPRINGS OPERATOR, LLC, (the "Plaintiff" or "Willow Springs") having an

address of 575 Route 70, 2nd Floor, Brick, New Jersey, 08723, by way of complaint says as follows:

## THE PARTIES AND THE INSURANCE POLICY

1. WILLOW SPRINGS OPERATOR, LLC, is a company licensed within the State of New Jersey that

   operates a residential skilled nursing facility known as "Willow Springs Nursing Home" with

   approximately 164 beds of both short-term and long-term care residents. It is located at 1049 Burnt

   Tavern Road, Brick, New Jersey.

2. USI INSURANCE SERVICES, LLC ("USI"), is a licensed insurance broker. It is a registered

   foreign limited liability company with the State of New Jersey, at Business ID #0600312309. USI

   has offices located at 3 Executive Park Drive, Suite 300, Bedford, NH, 03110. Its registered agent

   for service of process within the State of New Jersey is "The Corporation Trust Company", 820

   Bear Tavern Road, West Trenton, NJ, 08628.

3. HEALTH CAP RRG ("HealthCap") is an insurer with offices located at 130 S. First Street, #400,
   Ann Arbor, MI, 48104. It offers policies for, among other things, senior care communities and
   long-term care communities. HealthCap ultimately issues policies in the name of a risk retention
   "group" known as HEALTH CARE INDUSTRY LIABILITY RECIPROCAL INSURANCE
   COMPANY, A RISK RETENTION GROUP (the "Group"). On information and belief,
   HealthCap is a registered entity of CHELSEA-RHONE, LLC ("Chelsea-Rhone"), a licensed
   insurance producer within the State of New Jersey at #1283258. For these reasons, hereafter
   HealthCap, the Group and Chelsea-Rhone shall be referred to collectively as "HC-CR" unless
   otherwise noted singularly.

4. SEAN HOOD ("Hood") is president of USI's operations in New Hampshire and Vermont,
   including the Bedford, NH office identified above at paragraph 2. Hood is an insurance producer
   licensed by the State of New Jersey at #0335010.

5. LISA OLSON ("Olson") is vice president of USI's operations New Hampshire and Vermont,
   including the Bedford, NH office identified above at paragraph 2. Olson is an insurance producer
   licensed by the State of New Jersey at #1629076.

6. USI, Hood and/ or Olson had aggressively pursued Willow Springs and requested for Willow
   Springs to switch from its prior insurance agent to USI. Ultimately, these defendants secured
   several insurance policies for Willow Springs in the fall of 2016, including a claims-made GLPL
   (General Liability and Professional Liability) insurance policy and an excess insurance policy for
   Willow Springs (plus a workers compensation policy for a related company in Massachusetts under
   a different insurance carrier).

7. USI, Hood and/ or Olson wrote the claims-made GLPL insurance policy for Willow Springs
   through insurer HC-CR.

8. The insurance policy had a coverage effective date of December 1, 2016, through December 1, 2017. The retroactive date for coverage was December 1, 2014. The insurance policy is identified as number HRG-NH01-0007-CM-01 (the "policy").

9. During the application process, Willow Springs was never informed that there would be an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

10. USI, Hood and/ or Olson failed to inform Willow Springs when the policy was obtained that there would be an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

11. USI, Hood and/ or Olson failed to provide any documents or statements to Willow Springs to indicate that there would be contained within the policy an endorsement or exclusion for pending or prior litigation and known incidents or occurrences. In fact, USI failed to provide a sample or draft of the insurance policy prior to its issuance or throughout the entire term of the policy.

12. USI failed to inquire from Willow Springs whether there were any pending or prior litigation and known incidents or occurrences, and instead the USI agents including Hood and Olson filled out the application and checked the box "no" for any pending or known litigation or incidents.

13. USI, Hood and/ or Olson acted so as to secure the policy through insurer HC-CR.

14. HC-CR failed to inform Willow Springs when the policy was obtained that there would be an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

15. HC-CR failed to provide any documents or statements to Willow Springs to indicate that there would be contained within the policy an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

16. HC-CR failed to communicate in any manner to Willow Springs that there would be contained within the policy an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

17. HC-CR failed to inquire in any manner from Willow Springs whether there were any pending or prior litigation and known incidents or occurrences.

18. The policy was issued and took effect in December, 2016.

19. Willow Springs was unaware that the policy contained within it an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

20. USI, Hood, Olson and HC-CR all failed to provide a copy of the policy to Willow Springs upon its effective date or thereafter.

21. Willow Springs reasonably relied upon Defendants that the claims-made GLPL insurance policy would provide coverage, defense and indemnification for claims arising within the operation of its business.

THE CLAIM AGAINST WILLOW SPRINGS BY A FORMER PATIENT

22. On March 31, 2015, Willow Springs admitted a patient Paul Lattarulo ("Lattarulo") to its facility in Brick, NJ, for care.

23. On or about May 17, 2015, and May 21, 2015, Lattarulo suffered separate trip and fall incidents at the Willow Springs facility.

24. In January, 2016, Willow Springs received correspondence from two (2) separate attorneys for Lattarulo. Each attorney had requested Lattarulo's medical records and other facility records. But no claims or indication of claims were made, referenced or indicated in any manner at that time.

25. It is common for attorneys to request medical records of patients – sometimes for lawsuits arising out of a patient's original injury or accident resulting in that patient's attendance at the rehab facility or nursing home, and sometimes for matters such as Social Security funding and other such financial/ insurance applications being prepared and submitted by the attorney.

26. A records request does not trigger an indication of a claim or potential claim against a facility, especially if it is unaccompanied by a statement that it relates to a claim, incident, fall, etc., such as

with the Lattarulo records request. Moreover, no further request or claim had occurred for the following 14 months after the records request.

27. When the records request was made in January, 2016, by Lattarulo's attorney, Willow Springs spoke with its insurance agent at the time (Eli Kalman at Worthy Insurance) and confirmed that the request did not rise to the level of a claim or incident. As stated above, these records requests are common. Thus, the agent did not report it to GuideOne, the insurance carrier at the time.

28. At the time of the USI insurance policy's application and inception, the Lattarulo records request was 10 months old, without any follow up, claim or indication of potential claim or action.

29. As such, at the time of the USI insurance policy's application and inception Willow Springs did not have any indication that Lattarulo's trip and fall incidents might be a potential claim; and Willow Springs did not have any indication that the new USI insurance policy contained within it an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

30. The USI/ HC-CR policy took effect in December, 2016.

31. Lattarulo filed a complaint on March 15, 2017, in NJ Superior Court against Willow Springs, its officers and its employees alleging various theories of negligence and wrongful action, and alleging that the slip and fall incidents resulted in injuries, pain, suffering and other damages to Lattarulo.

32. Willow Springs received service of that Lattarulo complaint on or about April 7, 2017.

33. Willow Springs immediately informed USI/ HC-CR of the claim.

34. In response, HC-CR inquired as to whether or not there had been a prior records request from Lattarulo, or from anyone on his behalf.

35. Willow Springs informed HC-CR of the January, 2016, attorney records requests.

36. Willow Springs also sought coverage under and through its prior insurer GuideOne Insurance.

37. GuideOne responded with a denial of coverage - stating that notice of the claim was received more than 60 days after expiration of the GuideOne policy, which policy had expired on December 1,

2016, and had been replaced with the HC-CR policy. GuideOne Insurance stated that it thus fell outside of coverage.

38. HC-CR responded on May 31, 2017 (after an extension), with a denial of coverage - stating that the policy contained an endorsement or exclusion for pending or prior litigation and known incidents or occurrences, and that such endorsement/ exclusion acted as a bar to the Lattarulo lawsuit.

39. HC-CR stated that the records request in January, 2016, should have been sufficient to indicate a claim or potential claim, so as to require Willow Springs to disclose it.

40. This denial on May 31, 2017, was the first time that Willow Springs learned that the policy contained an endorsement or exclusion for pending or prior litigation and known incidents or occurrences.

41. This denial was also the first time that Willow Springs learned that the records request in January, 2016, should have been sufficient to indicate a claim or potential claim.

COUNT ONE – NEGLIGENCE OF USI, HOOD AND/ OR OLSON

42. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

43. USI, Hood and/ or Olson owed a duty to Willow Springs to investigate the insurance needs of Willow Springs prior to issuing its policy, including whether or not Willow Springs required coverage for pending or prior litigation or known incidents or occurrences.

44. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

45. USI, Hood and/ or Olson owed a duty to Willow Springs to disclose to Willow Springs that the policy being issued would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

46. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

47. USI, Hood and/ or Olson owed a duty to Willow Springs to advise Willow Springs of the significance of an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

48. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

49. USI, Hood and/ or Olson owed a duty to Willow Springs to advise Willow Springs that a records request would constitute sufficient notice of a claim or potential claim so as to be excluded under the policy.

50. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

51. USI, Hood and/ or Olson owed a duty to Willow Springs to recommend that Willow Springs purchase tail coverage from its prior insurer due to the new policy's inclusion of an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

52. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

53. USI, Hood and/ or Olson owed a duty to Willow Springs to provide a draft of the policy prior to issuance so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

54. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

55. USI, Hood and/ or Olson owed a duty to Willow Springs to provide a copy of the policy after it was issued so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

56. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

57. USI, Hood and/ or Olson owed a duty to Willow Springs to recommend that Willow Springs renew its existing insurance policy so as to avoid any coverage lapse with the new policy's endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

58. USI, Hood and/ or Olson breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

WHEREFORE, Plaintiff demands judgment as follows:

> (a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.
>
> (b) Compensatory and punitive damages;
>
> (c) Attorney fees and costs of suit; and
>
> (d) Such other relief as the Court deems just, equitable and fair.

## COUNT TWO – NEGLIGENCE OF HC-CR

59. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

60. HC-CR owed a duty to Willow Springs to disclose to Willow Springs that the policy being issued by HC-CR would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

61. HC-CR breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

62. HC-CR owed a duty to Willow Springs to advise Willow Springs that a records request would constitute sufficient notice of a claim or potential claim so as to be excluded under the policy.

63. HC-CR breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

64. HC-CR owed a duty to Willow Springs to provide a draft of the HC-CR policy prior to issuance so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

65. HC-CR breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

66. HC-CR owed a duty to Willow Springs to provide a copy of the HC policy after it was issued so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

67. HC-CR breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

68. HC-CR owed a duty to confirm that the insurance applications being submitted by USI for it clients, including Willow Springs, were actually being completed and confirmed by the clients and not by USI simply filling out the responses on the application forms for its clients.

69. HC-CR breached this duty and as a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

WHEREFORE, Plaintiff demands judgment as follows:

        (a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.

        (b) Compensatory and punitive damages;

        (c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

## COUNT THREE – USI - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS

70. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

71. USI and Willow Springs entered a contractual relationship whereby USI acted as the insurance agent/ producer for Willow Springs.

72. All contracts within the State of New Jersey contain a duty of good faith and fair dealings.

73. USI knew that Willow Springs operates a skilled nursing facility in Brick, NJ, with a population of aged persons.

74. USI knew that slip and falls of aged persons occur within rehab centers and nursing facilities such as Willow Springs.

75. USI caused to be applied for and issued, on Willows Springs' behalf, a claims-made GLPL policy that included an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

76. USI breached its duty of good faith and fair dealings by applying, obtaining and insuring Willow Springs under a policy that included an endorsement or exclusion for pending or prior litigation or known incidents or occurrences, despite USI's knowledge of Willow Springs' operations and Willow Springs' need for a policy without such endorsement or exclusion.

77. USI failed to indicate, advise or inform that a records request would constitute sufficient notice of a claim or potential claim so as to be excluded under the policy.

78. USI breached its duty of good faith and fair dealings.

79. As a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

WHEREFORE, Plaintiff demands judgment as follows:

   (a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-
   01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any

policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.

(b) Compensatory and punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

## COUNT FOUR – HC-CR - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS

80. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

81. HC-CR entered a contractual relationship with Willow Springs by virtue of the claims-made insurance policy.

82. All contracts within the State of New Jersey contain a duty of good faith and fair dealings.

83. The policy here was issued within the State of New Jersey, for a New Jersey company Willow Springs, and insures among other things the operations of Willow Springs at its New Jersey facility.

84. HC-CR knew that Willow Springs operates a skilled nursing facility in Brick, NJ, with a population of aged persons.

85. HC-CR knew that slip and falls of aged persons occur within nursing facilities such as Willow Springs.

86. HC-CR caused to be issued a claims-made policy that included an endorsement or exclusion for pending or prior litigation or known incidents or occurrences, despite HC's knowledge of Willow Springs' operations and Willow Spring's need for a policy without such endorsement or exclusion.

87. HC-CR failed to indicate, advise or inform that a records request would constitute sufficient notice of a claim or potential claim so as to be excluded under the policy.

88. HC-CR breached its duty of good faith and fair dealings.

89. As a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

WHEREFORE, Plaintiff demands judgment as follows:

(a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.

(b) Compensatory and punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

## COUNT FIVE - FRAUD

90. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

91. USI, Hood and/ or Olson represented to Willow Springs that Willow Springs would have all of its necessary insurance coverage to under the claims-made policy.

92. USI, Hood and/ or Olson knew of the falsity of this representation, or acted with ignorance or reckless disregard of its falsity, because USI, Hood and/ or Olson knew of the endorsement or exclusion for pending or prior litigation or known incidents/ occurrences, and USI, Hood and/ or Olson knew of the importance of such endorsements or exclusions within the nursing industry.

93. USI, Hood and/ or Olson intended for Willow Springs to rely upon this false representation, so as to cause Willow Springs to switch insurers and switch insurance agents (from its former insurer/ agent to USI and HC).

94. Willow Springs did rely upon the representation that it would have all of its necessary insurance coverage to under the claims-made policy, to its detriment.

95. As a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

96. The above-noted common law fraud also constitutes violations of the Consumer Fraud Act of New Jersey, since insurance purchasers are considered consumers under said law.

WHEREFORE, Plaintiff demands judgment as follows:

(a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.

(b) Compensatory and punitive damages, plus treble damages for Consumer Fraud Act violations;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

## COUNT SIX – WRONGFUL CLAIM DENIAL

97. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

98. HC-CR issued a denial of coverage letter dated wherein it denied coverage for the Lattarulo claims based upon a known incident or occurrence.

99. Willow Springs disputes that the facts of this case qualify as knowledge of an incident or occurrence, within the meaning of the policy.

100. Willow Springs disputes that the reasons and rationales for the claim denial as set forth by HC-CR in its letter dated May 30, 2017, have a valid basis in the policy.

101. Willow Springs denies that the records requests were sufficient notice of a claim or incident so as to trigger exclusion under the policy.

102. HC-CR's denial breaches its duty of good faith and fair dealings, implicit within the contract.

103. HC-CR's denial violates the terms and conditions of the policy.

104. HC-CR's denial is based upon a policy term that was never communicated to Willow Springs.

105. HC-CR's denial is based upon a policy term that was never shown to exist to Willow Springs until after the Lattarulo claim, and it is unknown if such term was inserted into the policy after the Lattarulo claim, solely as a basis to deny coverage for the Lattarulo claim.

106. HC-CR's denial is based upon an interpretation of Willow Springs' knowledge of the Lattarulo incident that is inconsistent with the meaning of the term knowledge of an incident/ occurrence as encompassed within the policy. Furthermore, it is inconsistent with the facts of this case.

107. Any and/ or all of the reasons set forth above constitute a wrongful denial of claim.

108. As a result, Willow Springs has been harmed and has suffered, or will suffer, damages.

WHEREFORE, Plaintiff demands judgment as follows:

(a) Equitable relief and specific performance to reform insurance policy HRG-NH01-0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to delete and void any policy endorsement and/ or exclusion for pending or prior litigation or known incidents/ occurrences.

(b) Compensatory and punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

## COUNT SEVEN – PROFESSIONAL MALPRACTICE

109. Each paragraph set forth above is hereby incorporated by reference, as if fully restated.

110. USI, HC-CR, Hood and/ or Olson are licensed professionals permitted to conduct business and services within the State of New Jersey. USI is a licensed business entity in NJ. HC-CR is a licensed producer in NJ. Hood and Olson are licensed producers in NJ.

111. USI, HC-CR, Hood and/ or Olson as professionals have a duty as agent for the insured to act in furtherance of the insured's interests and in accordance with the standard duty of care for all agents/ brokers.

112. As set forth above, the actions of USI, HC-CR, Hood and/ or Olson breached this professional standard of care by:

(a) failing to investigate the insurance needs of Willow Springs prior to issuing its policy, including whether or not Willow Springs required coverage for pending or prior litigation or known incidents or occurrences.

(b) failing to disclose to Willow Springs that the policy being issued would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

(c) failing to advise Willow Springs of the significance of an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

(d) failing to recommend that Willow Springs purchase tail coverage from its prior insurer due to the new policy's inclusion of an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

(e) failing to provide a draft of the policy prior to issuance so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

(f) failing to provide a copy of the policy after it was issued so that Willow Springs could review the policy and discover that the policy would include an endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

(g) failing to recommend that Willow Springs renew its existing insurance policy so as to avoid any coverage lapse with the new policy's endorsement or exclusion for pending or prior litigation or known incidents or occurrences.

WHEREFORE, Plaintiff demands judgment as follows:

> (a) Equitable relief and specific performance to reform insurance policy HRG-NH01-
> 0007-CM-01 to provide insurance, defense and indemnification to Plaintiff, and to
> delete and void any policy endorsement and/ or exclusion for pending or prior
> litigation or known incidents/ occurrences.

(b) Compensatory and punitive damages;

(c) Attorney fees and costs of suit; and

(d) Such other relief as the Court deems just, equitable and fair.

Dated: November 27, 2018

By:

Anthony L. Velasquez, Esq.
Attorney for Plaintiff

## CERTIFICATIONS PURSUANT TO NJ COURT RULE

I hereby certify in accordance with Rule 4:5-1 that the within matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding. There are no other known parties who should be joined in this action at this time.

I also certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I also certify that this Complaint comports with the requirements of Rule 1:4-8(a).

Dated: November 27, 2018

By:

Anthony L. Velasquez, Esq.
Attorney for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c) and R. 4:25-4, Plaintiff designates Anthony L. Velasquez, Esq., as its trial counsel in this matter.

Anthony L. Velasquez, Esq.
Attorney for Plaintiff

By:

Anthony L. Velasquez, Esq.

Dated: November 27, 2018

# EXHIBIT B

**LOCKS LAW FIRM, LLC**
By: Jerry A. Lindheim, Esquire
IDENTIFICATION NO. 028541988
801 N. Kings Highway
Cherry Hill, NJ 08034
(856) 663-8200
(856) 661-8400
jlindheim@lockslaw.com
Attorney for Plaintiff(s)

---

PAUL LATTARULO, by and through his Power
of Attorney, PATRICIA A. KEARNS

Plaintiff(s)

v.

WILLOW SPRINGS OPERATOR, LLC;
WILLOW SPRINGS REHABILITATION AND
HEALTHCARE CENTER; SHLOMO
GOLDBERGER; UKR CONSULTING, LLC;
TRYKO GUARDIAN HOLDINGS, LLC;
QUINTO GUARDIAN, LLC; NACHUM
ROKEACH; TRUST SK 2013 INVESTMENT;
TRUST YR 2013 INVESTMENT; TRUST YK
2013 INVESTMENT; URI KAHANOW; JOHN
and/or JANE DOES MEDICAL DIRECTOR(S)
"A" through "Z" (fictitious names used to describe
unknown defendants); JOHN and/or JANE DOES,
M.D., "A" through "Z" (fictitious names used to
describe unknown defendants); JOHN and/or
JANE DOES, "A" through "Z" (fictitious names
used to describe unknown defendants); and ABC
CORPORATIONS, "A" through "Z" (fictitious
names used to describe unknown defendants)
individually, jointly, severally and in the
alternative

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
OCEAN COUNTY

LAW DIVISION $\alpha$ $\partial\partial_2$ -/7
DOCKET NO.

**COMPLAINT AND JURY
DEMAND; DEMAND FOR
ANSWERS TO FORM AND
SUPPLEMENTAL
INTERROGATORIES; DEMAND
FOR PRODUCTION OF POLICIES
AND PROCEDURES; DEMAND
FOR PRODUCTION OF
COMPLETE CERTIFIED COLOR
COPY OF MEDICAL AND
NURSING RECORDS**


RECEIVED & FILED

MAR 1 5 2017

SUPERIOR CT., OCEAN

## BACKGROUND

1.     The Plaintiff PAUL LATTARULO, was admitted to the Defendant WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER located at 1049 Burnt Tavern Road, Brick, New Jersey 08724, on March 31, 2015.

2.     Plaintiff PAUL LATTARULO was born on October 30, 1931.

3.     Defendants' Facility is a licensed long term care facility in the State of New Jersey pursuant to state law.

4.     According to the licensure file obtained from the New Jersey Department of Health and Senior Services, Defendants' Facility was owned by the Defendant, WILLOW SPRINGS OPERATOR, LLC. In order to be issued a license to operate a long term care facility, the names of owners and officers and/or members must be identified for liability purposes.

5.     In order to be issued a license to operate a long term care facility, the names of owners and officers and/or members must be identified for liability purposes.

6.     The license #061518 issued to Defendants' Facility indicates that the officers of the Defendant, WILLOW SPRINGS OPERATOR, LLC, are · Defendants, SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH, TRUST SK 2013 INVESTMENT, TRUST YR 2013 INVESTMENT, TRUST YK 2013 INVESTMENT, and URI KAHANOW.

7.     It is believed and, therefore, averred that the Defendant, SHLOMO GOLDBERGER, is the individual intimately involved in the management, administration and/or decision making at the Defendants' Facility.

8.     The Plaintiff, PAUL LATTARULO, received treatment by nurses, aides, physicians and other apparent employees of Defendants' Facility. The Plaintiff, PAUL LATTARULO, was unable to select or choose any of the professionals and/or individuals who

2

rendered care to him, and believes they were all employees and/or agents of Defendants' Facility, and the other legal entities that own and/or manage Defendants' Facility.

9.     John and/or Jane Doe Medical Director(s) "A" through "Z" (fictitious names used to describe unknown defendants), were the medical director(s) of Defendants' Facility while the Plaintiff, PAUL LATTARULO, was a resident at Defendants' Facility.

10.     John and/or Jane Does, M.D., "A" through "Z" (fictitious names used to describe unknown defendants), were the medical professionals involved with the care provided and/or ownership of entities that provided care to the Plaintiff, PAUL LATTARULO, while the Plaintiff, PAUL LATTARULO, was a resident at Defendants' Facility.

11.     John and/or Jane Roes, "A" through "Z" (fictitious names used to describe unknown defendants), are all individuals involved with the care provided and/or ownership of entities that provided care to the Plaintiff, PAUL LATTARULO, while the Plaintiff, PAUL LATTARULO, was a resident at Defendants' Facility.

12.     ABC Corporations, "A" through "Z" (fictitious names used to describe unknown defendants), are corporations or other legal entities involved with the care provided and/or ownership of entities that provided care to the Plaintiff, PAUL LATTARULO, while the Plaintiff, PAUL LATTARULO, was a resident at Defendants' Facility.

13.     It is alleged that all negligent acts attributed to any of the Defendants shall be attributed to all of the Defendants, based on the mechanism of decision making at Defendants' Facility as well as the application of agency principles.

14.     It is further alleged that all named Defendants also have direct liability based upon input that is made to budgets and the actual decision making that takes place at Defendants' Facility.

15.     As a licensed Long Term Care Facility in New Jersey, Defendants are subject to

3

N.J.S.A. 30:13.1 *et seq.*, which incorporates both the State Regulations found at N.J.A.C. 8:39 and N.J.A.C. 8:36, as well as the Federal Regulations located at 42 C.F.R. § 483.1 *et seq.*

## FIRST COUNT
### General Negligence

Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, at all times relevant herein residing at 315 Foreman Avenue, Point Pleasant, NJ 08742, County of OCEAN, by way of Complaint against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, jointly, severally and in the alternative, say as follows:

16. The Plaintiff PAUL LATTARULO, was admitted to the Defendant WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER located at 1049 Burnt Tavern Road, Brick, New Jersey 08724, on March 31, 2015 and subsequently, thereafter, despite known risk factors associated with falling by Defendants, Plaintiff PAUL LATTARULO, was caused to trip and fall on or about May 21, 2015 sustaining serious and debilitating personal injuries and losses.

17. Plaintiff PAUL LATTARULO was born on October 30, 1931.

4

18.     The provisions of OBRA (Omnibus Budget Reconciliation Act of 1987) were applicable with regard to the Plaintiff(s)' condition as it existed on or about his 2015 admission and at all other relevant times.

19.     The Defendants' Facility held itself out as a specialist in the field of adult nursing care and rehabilitation with the expertise necessary to maintain the health and safety of persons unable to care adequately for themselves, including the Plaintiff PAUL LATTARULO.

20.     The Defendants were under a contractual duty to provide reasonable and adequate health care and rehabilitation to the Plaintiff PAUL LATTARULO, consistent with existing community standards.

21.     At all times pertinent hereto the Plaintiff PAUL LATTARULO was a resident of the Defendants' Facility pursuant to the terms of the applicable admission agreement and, as such, was under the exclusive care and control of the Defendants and their agents, officers, servants and/or employees.

22.     The Defendants, its agents, officers, servants and/or employees failed, refused and/or neglected to perform the duties to provide reasonable and adequate health care and rehabilitation to and for the Plaintiff PAUL LATTARULO, who was unable to attend to his own health and safety.

23.     The Defendants, its agents, officers, servants and/or employees negligently and carelessly provided care and treatment to the Plaintiff PAUL LATTARULO, and all of the alleged acts, omissions and occurrences herein described or performed by the Defendants, its agents, officers, servants and/or employees fell within the course and scope of their agency and employment with the Defendants and in furtherance of the Defendants' business.

24.     While the Plaintiff PAUL LATTARULO, was a resident of the Defendants' Facility, he sustained serious injuries including but not limited to falling multiple times.

5

25. The negligence of the Defendants included, but was not limited to the following, to wit: (A) permitting abuse of the Plaintiff PAUL LATTARULO; (B) condoning the failure of employees to immediately report to supervisory personnel acts of abuse of the Plaintiff PAUL LATTARULO; (C) permitting inadequate and false charting of the Plaintiff PAUL LATTARULO, medical records; (D) failure to notify the physician and the Plaintiff PAUL LATTARULO and the family of the Plaintiff PAUL LATTARULO, in a timely manner of action which affected the safety and well-being of the Plaintiff PAUL LATTARULO; (E) failure to hire a sufficient number of trained and competent staff, as evidenced by continuous understaffing; (F) condoning questionable recording/charting in the medical records of the Plaintiff PAUL LATTARULO; (G) violating New Jersey Statutes, New Jersey Administrative Regulations, as well as OBRA regulations; (H) failure to adhere to the plan of care; (I) failure to discharge employees when the facility knew or should have known of the employee's propensity for negligent care of the Plaintiff PAUL LATTARULO; (J) condoning, and thus allowing, untrained/unlicensed individuals to provide care to the Plaintiff PAUL LATTARULO; (K) failure to properly train employees to deal with geriatric residents who are unable to care for themselves as well as residents in need of rehabilitation; (L) failure to properly investigate the background of prospective employees; (M) failure to notify supervisors of the on-call physician's failure to properly care for the Plaintiff PAUL LATTARULO, as required by regulations in effect at the time of this incident; (N) failure to train the employees to recognize medical conditions/symptoms which required the Plaintiff PAUL LATTARULO's, transfer to the hospital; (O) failure to prevent accidents; (P) failing to educate, hire, train, monitor and supervise medical and/or other personnel with regard to preventing violent contact with residents, including the Plaintiff PAUL LATTARULO herein, and causing resulting harm; (Q) concealing and/or falsifying traumatic incidents of residents, including the Plaintiff PAUL LATTARULO,

6

herein; (R) failing to record, note and/or report incidents involving residents, including the Plaintiff PAUL LATTARULO, herein.

26.     As a direct and proximate result of the negligence of the Defendants, their agents, officers, servants and/or employees, the Plaintiff PAUL LATTARULO, was caused to sustain serious personal injuries, endure great physical pain and mental anguish, and become liable for extensive expenses for medical and hospital care and treatment.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## SECOND COUNT
### Negligence Per Se

27.     For the sake of brevity, Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

7

28. *N.J.S.A.* 30:13, *et. seq* requires that Defendants comply with all Federal, State and local regulations with regard to long-term care facilities.

29. Defendants violated OBRA regulations, which establish the minimum standard of care to be followed by Defendants, including but not limited to the following: (A) 42 C.F.R. § 483.13(c)(2) the facility must ensure that all alleged violations involving mistreatment, neglect or abuse, including injuries of unknown source are reported immediately to the administrator of the facility and to other officials in accordance with State law through established procedures, including to the State Survey and Certification Agency; (B) 42 C.F.R. § 483.30(a)(1) the facility must provide services by sufficient number of each of the following types of personnel on a twenty four (24) hour basis to provide nursing care to all residents in accordance with resident care plans (i) except when waived under paragraph (c) of this section, licensed nurses; and (ii) other nursing personnel; (C) 42 C.F.R. § 483.25 each resident must receive and the facility must provide, the necessary care and services to attain and maintain the highest practicable physical, mental and psychosocial well-being, in accordance with the comprehensive assessment and plan of care; (D) 42 C.F.R. § 483.20(b) the facility must conduct a proper and adequate assessment after a significant change in resident's condition; (E) 42 C.F.R. § 483.20(k) Comprehensive Care Plans- the facility must develop a comprehensive care plan that includes measurable objectives and timetables to meet a resident's medical, nursing, mental and psychosocial needs that are identified in the comprehensive assessment. The plan of care must deal with the relationship of items or services ordered to be provided (or withheld) to the facility's responsibility for fulfilling other requirements in these regulations; (F) 42 C.F.R. § 483.25(c) of the OBRA Regulations based on the comprehensive assessment of a resident, the facility must ensure that (1) a resident who enters the facility without pressure sores does not develop pressure sores unless the individual's clinical condition demonstrates that they were unavoidable; and (2) a resident having

8

pressure sores receives necessary treatment and services to promote healing, prevent infection and prevent new sores from developing; (G) 42 C.F.R. § 483.25 (h) of the OBRA Regulations, Accidents: the facility must ensure that the resident environment remains as free of accident hazards as is possible; and each resident receives adequate supervision and assistive devices to prevent accidents.

30.    The Plaintiff, PAUL LATTARULO, fell within the class of persons who the statutory rules, regulations and laws were intended to protect by virtue of *N.J.S.A.* 30:13, *et. seq.*; thus entitling the Plaintiff, PAUL LATTARULO, to adopt such laws as the standard of care for measuring Defendants' conduct. Thus, the Plaintiff, PAUL LATTARULO, asserts a claim for negligence per se, asserting that, as a matter of law, the conduct of Defendants amounted to negligence and negligence per se.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages

9

sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## THIRD COUNT
### Deviation of Standard of Care and Gross Neglect

31.     For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

32.     At all relevant times hereto, the Defendant or should have known that their residents were elderly and/or disabled and in need of particular care and supervision.

33.     Defendant failed to exercise adequate care in the supervision of their elderly and/or disabled residents, such as the Plaintiff, PAUL LATTARULO, to whom they owed such a duty. This failure to exercise such care rises to the level of gross neglect as defined by the Legislature and Judiciary of New Jersey.

34.     As a direct and proximate result of the aforesaid carelessness, recklessness, gross neglect and negligence of Defendant, the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

**WHEREFORE,** Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN

10

and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## FOURTH COUNT
## Negligent Supervision and Negligent Hiring

35.    For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

36.    The Defendants are responsible for hiring competent supervisors, managers, nurses and any other personnel necessary to oversee and monitor the treatment at the Defendant Facility and its residents, such as the Plaintiff, PAUL LATTARULO.

37.    The managers, supervisors, nurses and others personnel of Defendants failed to exercise due care in monitoring the residents therein.

38.    The Defendants are liable for the negligence, carelessness and recklessness of its employees and agents under the Doctrine of *Respondeat Superior*.

39.    As a direct and proximate result of the aforesaid negligence, carelessness and recklessness of the Defendants, the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO

11

GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## FIFTH COUNT
### Punitive Damages

40.     For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

41.     The aforementioned acts of the Defendants were outrageous and performed willfully, wantonly and with complete disregard to the Plaintiff, PAUL LATTARULO's, rights and in reckless indifference to the rights of others and specifically the Plaintiff, PAUL LATTARULO, and his family, and those acts further shocked the conscience of the community.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013

12

INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## SIXTH COUNT
## Resident Rights Violations

42.    For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

43.    During the entire period of the Plaintiff, PAUL LATTARULO's residency at the Defendant Facility, Defendants were subject to *N.J.S.A.* 30:13 regarding the responsibilities and rights of residents in skilled nursing facilities. Based on the aforementioned allegations, Defendants breached the following statutes in their actions toward Plaintiff(s): (A) 30:13-3(c); (B) 30:13-3(h); (C) 30:13-5(j); and (D) 30:13-5(m).

44.    As a direct and proximate result of the aforesaid statutory violations by Defendants, the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND

13

HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO
GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH;
TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013
INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A"
through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE
DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN
and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants);
and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown
defendants) individually, jointly, severally and in the alternative individually, which will
reasonably compensate them for the significant injuries, pain and suffering, and other damages
sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of
suit.

## SEVENTH COUNT
### John and/or Jane Doe Medical Director(s) Negligence

45. For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous
Counts and incorporate those allegations in this Count as if set forth more fully herein.

46. The Defendants, John and/or Jane Doe Medical Director(s) were the medical
directors of the Defendant Facility while the Plaintiff, PAUL LATTARULO, was a resident at
the Defendant Facility.

47. At all times mentioned hereinafter Defendant, John and/or Jane Doe Medical
Director(s), were and are now medical directors licensed under the laws of the State of New
Jersey.

48. At all times mentioned hereinafter the Defendant, John and/or Jane Doe Medical
Director(s) were engaged in the practice of their profession in the State of New Jersey, and more
specifically was engaged in the profession of being a Medical Director pursuant to both State and

14

Federal Statutes and Regulations.

49. At all times mentioned hereinafter the Defendant, John and/or Jane Doe Medical Director(s) professed and held themselves out to the public and to the Plaintiff, PAUL LATTARULO, as being skilled, careful and diligent in the practice of general medicine a medical director, and geriatric medicine. Specifically, the Defendant, John and/or Jane Doe Medical Director held themselves out as one who is competent to assess, diagnose, supervise a plan of care, implement said plan of care and evaluate the effectiveness of said plan of care with regard to nursing home residents, such as the Plaintiff, PAUL LATTARULO. Defendant(s) John and/or Jane Doe Medical Director(s) also held themselves out as one who was competent to treat and initiate medical and nursing home interventions to treat and prevent skin breakdown, prevent other harms, and adequately monitor his condition.

50. The Defendants in their treatment, care and supervision for the Plaintiff, PAUL LATTARULO, did personally by and through his agents, servants and/or employees negligently failed to exercise ordinary care, and otherwise failed to exercise the degree of care exercised by other doctors in like cases, having regard to the existing state of knowledge in general medicine and geriatrics.

51. As a direct and proximate result of the Defendant, John and/or Jane Doe Medical Director(s)' negligent treatment, evaluation and assessment, the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, required to obtain additional extensive medical treatment and was forced to incur medical expenses in the care and treatment of said injuries.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND

15

HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

**EIGHTH COUNT**
**Punitive Damages Against John and/or Jane Doe Medical Director(s)**

52.     For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

53.     The aforementioned acts of the Defendant(s) John and/or Jane Doe Medical Director(s) were outrageous and performed willfully, wantonly and with complete disregard to the Plaintiff, PAUL LATTARULO's rights and in reckless indifference to the rights of others and specifically the Plaintiff, PAUL LATTARULO, and his family, and those acts further shocked the conscience of the community.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO

16

GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## NINTH COUNT
### Resident Rights Violations by John Doe Medical Director(s)

54.     For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

55.     During the entire period of the Plaintiff, PAUL LATTARULO's, residency at Defendant Facility, the Defendants were subject to *N.J.S.A.* 30:13 regarding the responsibilities and rights of residents in skilled nursing facilities. Based on the aforementioned allegations, Defendants John and/or Jane Doe Medical Director(s) breached the following statutes in their actions toward the Plaintiff, PAUL LATTARULO: (A) 30:13-3(c); (B) 30:13-3(h); (C) 30:13-5(j); and (D) 30:13-5(m).

56.     As a direct and proximate result of the aforesaid statutory violations by the Defendant(s), the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

17

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## TENTH COUNT
### Fictitious Individual/Entity Negligence

57. For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

58. The Plaintiff, PAUL LATTARULO, hereby name John and/or Jane Does, M.D., "A" through "Z" (fictitious names used to describe unknown defendants), John and/or Jane Does, "A" through "Z" (fictitious names used to describe unknown defendants), and ABC Corporations, "A" through "Z" (fictitious names used to describe unknown defendants), as an individual, partnership, corporation and/or other legal entity who has either been misidentified and/or omitted as a Defendant(s), and whose negligence contributorily caused the injuries

18

sustained herein by the Plaintiff, PAUL LATTARULO.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

## ELEVENTH COUNT
## Consumer Fraud

59. For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

60. The actions of the Defendants, their representations and misrepresentations regarding the level of care to be delivered by their facility to the Plaintiff, PAUL LATTARULO, and/or their omissions of material facts were in fact and known to be false and/or misleading by Defendants at the time they were so made.

61. At all relevant times, Defendants falsely, fraudulently, and with intent to defraud,

19

represented to the Plaintiff, PAUL LATTARULO, and his family, that Defendants would provide an excellent quality of care and follow the accepted standards of care related to the care and treatment of a long term care nursing home resident.

62.    The Plaintiff, PAUL LATTARULO, reasonably relied and acted upon the representations made by Defendants.

63.    As a result of the Defendants' deliberate and knowing misrepresentations and omissions concerning the quality of care to be delivered to the Plaintiff, PAUL LATTARULO, by the Defendant Facility, the Plaintiff, PAUL LATTARULO has suffered damages.

**WHEREFORE**, Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

20

## TWELFTH COUNT
### PLAINTIFF(S) VS. DEFENDANT(S)

#### RESPONDEAT SUPERIOR

64. For the sake of brevity, the Plaintiffs hereby repeat the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

65. At all relevant times hereto, the Defendants were acting through their agents, servants and\or employees acting within the scope of their employment.

66. The Defendants failed to exercise adequate care in the supervision of their elderly residents, such as the Plaintiff, PAUL LATTARULO, to whom they owed such a duty.

67. As a direct and proximate result of the aforesaid carelessness, recklessness and negligence of the Defendant(s), the Plaintiff, PAUL LATTARULO, sustained severe personal injuries of both a permanent and temporary nature, was forced to endure great pain and suffering, and was forced to incur medical expenses in the care and treatment of said injuries.

**WHEREFORE,** Plaintiff(s), PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS, demands judgment against the Defendant(s) WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative individually, which will

21

reasonably compensate them for the significant injuries, pain and suffering, and other damages sustained together with attorneys' fees, treble damages, punitive damages, interest and costs of suit.

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

## JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Please take notice that Plaintiff(s) hereby demands a trial by jury as to all issues and that pursuant to rule 4:25-4, Jerry A. Lindheim, Esquire of the Locks Law Firm, LLC is hereby designated as trial counsel in the above captioned matter .

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

## DEMAND FOR ANSWERS TO INTERROGATORIES

Please take notice that Plaintiff(s) demand that Defendant(s) answer Form C and C-3 Interrogatories in accordance with R4:17 (b) (2). Plaintiff(s) further demand complete answers to attached Supplemental Interrogatories.

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

Please take notice that the undersigned attorneys, counsel for Plaintiff(s), do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys, please take notice that this is a continuing demand

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

23

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned hereby certifies that the above action is not the subject of any other pending lawsuit or arbitration proceeding. There are no other persons interested in the above action that has not been made a party to said action.

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

## DEMAND FOR PRODUCTION OF COMPLETE CERTIFIED COLOR COPY OF MEDICAL AND NURSING RECORDS OF PLAINTIFF(S)

Plaintiff(s) hereby demand a certified color copy of Defendant(s)' entire and complete medical records and chart for Plaintiff(s). The records shall be produced as they are kept in the usual course of business pursuant to R. 4:18-1 (b) (1) and within the time period set out in R. 4:18-1(b).

LOCKS LAW FIRM, LLC

BY: _____
JERRY A. LINDHEIM, ESQUIRE

## DEMAND FOR POLICIES AND PROCEDURES

Plaintiff(s) hereby demand a complete copy of any and all nursing and administrative policies maintained during the time period in which Plaintiff(s) was a resident at Defendant Facility. The records shall be produced as they are kept in the usual course of business pursuant to R. 4:18-1 (b) (1) and within the time period set out in R. 4:18-1(b).

LOCKS LAW FIRM

BY: _____
JERRY A. LINDHEIM, ESQUIRE

24

**LOCKS LAW FIRM, LLC**
**By: Jerry A. Lindheim, Esquire**
**IDENTIFICATION NO. 028541988**
**801 N. Kings Highway**
**Cherry Hill, NJ 08034**
**(856) 663-8200**
**(856) 661-8400**
jlindheim@lockslaw.com
Attorney for Plaintiff(s)

---

| | |
|---|---|
| PAUL LATTARULO, by and through his Power of Attorney, PATRICIA A. KEARNS | SUPERIOR COURT OF NEW JERSEY OCEAN COUNTY |
| Plaintiff(s) | LAW DIVISION DOCKET NO. |
| v. | |
| WILLOW SPRINGS OPERATOR, LLC; WILLOW SPRINGS REHABILITATION AND HEALTHCARE CENTER; SHLOMO GOLDBERGER; UKR CONSULTING, LLC; TRYKO GUARDIAN HOLDINGS, LLC; QUINTO GUARDIAN, LLC; NACHUM ROKEACH; TRUST SK 2013 INVESTMENT; TRUST YR 2013 INVESTMENT; TRUST YK 2013 INVESTMENT; URI KAHANOW; JOHN and/or JANE DOES MEDICAL DIRECTOR(S) "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, M.D., "A" through "Z" (fictitious names used to describe unknown defendants); JOHN and/or JANE DOES, "A" through "Z" (fictitious names used to describe unknown defendants); and ABC CORPORATIONS, "A" through "Z" (fictitious names used to describe unknown defendants) individually, jointly, severally and in the alternative | **COMPLAINT AND JURY DEMAND; DEMAND FOR ANSWERS TO FORM AND SUPPLEMENTAL INTERROGATORIES; DEMAND FOR PRODUCTION OF POLICIES AND PROCEDURES; DEMAND FOR PRODUCTION OF COMPLETE CERTIFIED COLOR COPY OF MEDICAL AND NURSING RECORDS** |
| Defendant(s) | |

PLEASE TAKE NOTICE that the undersigned hereby demands that Defendant(s)

25

provide certified answers to the following supplemental interrogatories within the time prescribed by the New Jersey Rules of Court.

1.      Please provide a typed listing of the complete names of every physician, physician's assistant, advanced nurse practitioner, nurse, RN, LPN, CNA, any other employee and/or agent and/or agency nurse, and/or independent contractor who signed and/or placed any markings in any chart or records relating to Plaintiff(s). In addition, please indicate whether each individual is an employee of any specific Defendant(s), for which Defendant(s) said individual is employed, and if not still employed, indicate for which Defendant(s) they were employed, dates of employment, and their last known address and telephone number.

2.      Please provide a typed listing of the complete names of every physician, physician's assistant, advanced nurse practitioner, nurse, RN, LPN, CNA, any other employee and/or agent and/or agency nurse, and/or independent contractor who treated Plaintiff(s) for the period of time Plaintiff(s) was a resident at Defendant Facility.

3.      Please provide a typed listing of the names and addresses, as well as positions held and dates employed, of all individuals indicated in interrogatory #2. If you believe that any other person or entity not specifically named as a direct Defendant(s) is responsible for the Plaintiff(s)' injuries, please provide that individual and/or other entity's name, along with the theory as to why they are responsible for any of Plaintiff(s)' damages.

4.      Please identify the present nursing home administrator of Defendant Facility established pursuant to 42 C.F.R. § 483.75(d), as well as the names of the nursing home administrator(s), if different, for the period of time encompassing Plaintiff(s)' residency at Defendant Facility.

5.      Please identify the present director of nursing of Defendant Facility, as well as the names of the director(s) of nursing, if different, for the period of time encompassing Plaintiff(s)' residency at Defendant Facility.

6.      Identify whether any of the answering Defendant(s) have ever been sued prior to this litigation. If affirmative, please provide the following:

        a)      date of incident and/or filing of each complaint; and

        b)      caption of the case(s), including docket number(s) and State(s) and Count(ies) of Venue; and

        c)      name(s) of plaintiff's attorn(ies); and

        d)      name(s) of defense attorn(ies) representing the answering Defendant(s); and

        e)      name(s) of and other attorn(ies) involved in the litigation(s).

7.      Please provide the name of all individuals and/or entities that made up the governing body of Defendant Facility established pursuant to 42 C.F.R. § 483.75(d) on the date

26

of Plaintiff(s) admission to Defendant Facility; and the name(s) of all individuals and/or entities that were made a part of the governing body of Defendant Facility after that date, supplying legal name(s) and all dates the makeup of the governing body changed. For all entities applicable to your answer to this interrogatory, provide the date the entity was formed, its initial officers and/or members, and the officers and/or members on the date the entity became part of the Defendant Facility governing body.

8. If it is alleged by Defendant(s) that a management company was employed, contracted and/ or present at Defendant Facility for any of the period of time encompassing Plaintiff(s)' residency, please provide the name(s), address(es), and phone number(s) of the management company(ies), and produce a copy of all applicable management agreement(s).

9. Please provide the legal name of the owner of Defendant Facility; if Defendant Facility is owned by a legal entity, please provide the names of all officers and/or members of said entity. For all entities applicable to your answer to this interrogatory, provide the date the entity was formed, its initial officers and/or members, and the officers and/or members on the date the entity contracted to become the Defendant Facility's management company.

10. Please provide the legal name of the titled owner of the real property which houses the Defendant Facility. Please produce a copy of all leases that were applicable for the period of residency of Plaintiff(s).

LOCKS LAW FIRM, LLC

BY: _____
    JERRY A. INDHEIM, ESQUIRE

27